UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT HINDS,

Plaintiff,

v.

CARTER, et. al,

Defendant.
_________________________________/

Case No. 4:26-cv-11718
District Judge F. Kay Behm
Magistrate Judge Anthony P. Patti

**ORDER DENYING PLAINTIFF'S "MOTION FOR THE COURT TO UTILIZE THE TEXTBEHIND LEGAL MAIL SERVICE" (ECF NO. 13)**

Plaintiff has filed a motion requesting that the Court use the TextBehind Legal Mail Service. (ECF No. 13.) The motion is rather general and asserts a concern that without the use of this service, the MDOC will have a "strategic advantage" allowing it to prevent "him from reviewing and responding to court filing[s] promptly." (*Id.*, PageID.89, para. 3.) He is concerned that this will place him "at a disadvantage and [will subject] him to the MDOC's gamesmanship." (*Id.*) He complains that a delay in his receipt of ECF No. 10 "cut into [his] 21 days to request to have this case excluded from the mediation program." (*Id.*, PageID.90, para. 6.) Defendants have not responded to the motion. As this Court recently explained in *Provost v. Bray*, Case No. 26-111063 , 2026 U.S. Dist. LEXIS 161467, at **4-5 (E.D. Mich. Jul. 21, 2026):

> Upon consideration, the Court will not order the Clerk of the Court to register and utilize TextBehind. MDOC PD 05.03.118 would not require the Clerk of the Court to do so unless it "wants confidential mail to receive special handling . . . ." (*Id*., ¶ LL(b).) In most cases, the matters mailed to Plaintiff by the Clerk of the Court are matters of public record. *See, e.g.*, *Aikens v. Collier*, No. 2:25-CV-13508, 2026 U.S. Dist. LEXIS 103068, 2026 WL 1247434, at *1 (E.D. Mich. May 6, 2026) (Morris, M.J.) ("In the prior Order, the Court explained that it does not utilize the TextBehind system for outgoing correspondence because MDOC policy does not require courts to do so. The Court further explained that routine docket materials do not constitute confidential legal mail requiring special handling. While the Court is sympathetic to Plaintiff's concerns regarding the handling of his mail, these concerns would be better directed at MDOC.").

The Court further notes that some delay in the delivery of mail is to be expected in prisoner litigation, and for this reason, the Court tries its best to take that delay into account by setting generous deadlines, sometimes more than required by the Federal Rules of Civil Procedure or the Court's own Local Rules. Accordingly, the motion (ECF No. 13) is **HEREBY DENIED**.

It is **SO ORDERED**.

Dated: October 14, 2026

ANTHONY P. PATTI
UNITED STATES MAGISTRATE JUDGE